FILED
SUPERIOR COURT
OF GUAM

2014 DEC 24 PM 1: 44

CLERK OF COURT
BY.

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| IN THE MATTER OF | ) Case No. SP 0106-14 |
| | ) |
| ANTHONY JUNIOR H. MENDIOLA, | ) |
| | ) |
| | ) |
| | ) **DECISION AND ORDER ON** |
| Petitioner. | ) **PETITIONER'S PETITION FOR** |
| | ) **EXPUNGEMENT** |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on the Petitioner's Petition for Expungement on September 29, 2014. Attorney David J. Lujan represents Petitioner and Assistant Attorney General Basil O'Mallan III represents the Government. For the reasons set forth below, the Court denies the Petition.

## BACKGROUND

On August 15, 2014, Petitioner filed his Petition. Petitioner requests expungement of his record stemming from Guam Police Department Report No. 02-17193 and Superior Court of Guam Criminal Case No. CF 0036-03. Specifically, Petitioner seeks to expunge "the official records of the Court, Office of the Attorney General, and Guam Police Department in connection with the arrest and prior prosecution of Petitioner[.]" Petitioner asserts that he has complied with the terms of his plea agreement and abided by the laws of Guam.

On September 22, 2014, the Government filed its Opposition.



On September 29, 2014, the Court heard oral argument and took the matter under advisement.

## DISCUSSION

Petitioner relies on 8 GCA § 11.10 in his Petition, but fails to articulate how § 11.10 supports his request. Section 11.10(a) provides:

> The official records of the court, the Attorney General, and the police reports in connection therewith dealing with a violation or attempted violation by an adult of territorial law or a regulation having the force and effect of law shall be expunged when the subject of the report is acquitted of the offense charged, when the prosecuting attorney decides not to prosecute the offense, when the time for commencing the criminal action as prescribed by Chapter 10 of this Title has passed, or on approval of the Pardon Review Board when a pardon is granted pursuant to § 1422 of the Organic Act of Guam, except for the pardon of a felony offense involving violence. Expungement shall not occur for an offense which requires a person to register as a sex offender, as defined in § 89.03 of Title 9, Guam Code Annotated, until the defender's name is removed from the registry.

The statute, by its terms, does not contemplate expungement where, as here, one complies with the terms of a plea agreement and otherwise abides by the law. Instead, § 11.10 authorizes expungement only in certain enumerated situations, none of which is presented here. The statute's plain meaning is clear and the Court discerns no basis to deviate from it. See Data Mgmt. Res., LLC v. Office of Pub. Accountability, 2013 Guam 27, ¶ 17 (a statute's plain meaning prevails absent legislative intent to the contrary); Sumitomo Const., Co. v. Guam, 2001 Guam 23, ¶ 17 (plain language need not be followed "where the result would lead to absurd or impractical consequences, untenable distinctions, or unreasonable results"). The Court, accordingly, denies the Petition.

## CONCLUSION

In light of the foregoing, the Court DENIES Petitioner's Petition for Expungement.

**IT IS SO ORDERED** this day of December 24, 2014.

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

AG, D. Lujan

Date: 12/24/14  Time: 2:00

Deputy Clerk, Superior Court of Guam

_____
HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam

Page 2 of 2